IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ERIC BROWN, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   Case No. 2:16-CV-1843- KOB |
| | ) |
| MARK PETTWAY, in his official | ) |
| Capacity as Sheriff of Jefferson | ) |
| County, Alabama, | ) |
| | ) |
|     Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

This matter comes before the court on Plaintiff's motion for reconsideration. (Doc. 51). In his motion, Plaintiff Eric Brown asks the court to reconsider its granting Defendant's motion for summary judgment and entering judgment against Mr. Brown on his race discrimination claim. Coincidentally, almost simultaneously with Mr. Brown filing his motion, this court *sua sponte* withdrew its prior Memorandum Opinion and Order for reasons unrelated to Mr. Brown's motion, technically rendering that motion moot. The next day the court issued an amended Memorandum Opinion and Order, consistent with its prior ruling to enter judgment for Defendant Pettway and against Plaintiff Brown. Mr. Brown's motion does not address any of the reasons this court *sua sponte* withdrew its prior Order and instead relies on arguments that apply equally to the court's original Memorandum Opinion, (doc. 49), and its amended Memorandum Opinion, (doc. 53). So, for judicial efficiency, this court treats Mr. Brown's motion as directed toward the amended Memorandum Opinion and Order. For the reasons stated below, this court DENIES Mr. Brown's motion and declines to reconsider its prior ruling.

Whether to grant a motion to reconsider under Federal Rule of Civil Procedure 59(e) or 60(b) is within the discretion of the trial court. *See Smith v. Casey*, 741 F.3d 1236, 1241 (11th Cir. 2014). As Mr. Brown correctly points out, "reconsideration of an order is an extraordinary remedy and is employed sparingly." *Rueter v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 440 F. Supp. 2d 1256, 1267 (N.D. Ala. 2006). The moving party "must demonstrate why the court should reconsider its prior decision and 'set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.'" *Fidelity & Deposit of Md. v. Am. Consertech, Inc.*, No. 06-03338-CG-M, 2008 WL 4080270, at *1 (S.D. Ala. Aug. 28, 2008) (quoting *Cover v. Wal-Mart Stores, Inc.*, 148 F.R.D. 294 (M.D. Fla. 1993)).

Three grounds justify reconsideration of an order: when a party submits evidence of (1) "an intervening change in controlling law," (2) "the availability of new evidence," or (3) "the need to correct clear error or manifest injustice." *Wallace v. Holder*, 846 F. Supp. 2d 1245, 1248 (N.D. Ala. 2012) (quoting *Summit Med. Ctr. of Ala., Inc. v. Riley*, 284 F. Supp. 2d 1350, 1355 (M.D. Ala. 2003)). "[A] motion to reconsider should not be used by the parties to set forth new theories of law." *Mays v. U.S. Postal Serv.*, 122 F.3d 43, 46 (11th Cir. 1997). And "[a]dditional facts and arguments that should have been raised in the first instance are not appropriate grounds for a motion for reconsideration." *Rossi v. Troy State Univ.*, 330 F. Supp. 2d 1240, 1249 (M.D. Ala. 2002).

Mr. Brown's motion does not specify on which of the three grounds for reconsideration it relies. But the motion does not use any previously unavailable evidence and does not identify any intervening change in controlling law.[1] So the court assumes the motion intends to argue that this court needs to correct clear error and prevent manifest injustice.

---

[1] Although Plaintiff did not identify any intervening change in controlling law, a change *has* occurred. *See Lewis v. Union City, Ga.*, No. 15-11362, 2019 WL 1285058 (11th Cir. Mar. 21, 2019) (en banc). But the court already

To that end, Mr. Brown asserts that this court entered judgment against him because he failed to allege that he suffered any adverse employment action and because he failed to identify a similarly situated comparator. (Doc. 51 at 3). But this court *did* conclude that a jury *could* find that Mr. Brown suffered adverse employment action. (Doc. 49 at 10; Doc. 53 at 10) ("Because a jury could find that the *administrative restrictions* Defendant placed on Mr. Brown constituted a material adverse change to the privileges of Mr. Brown's employment as a Deputy Sheriff, the court declines to rule on summary judgment that Mr. Brown failed to establish that he suffered an adverse employment action because of his administrative restrictions.") (emphasis in original).

Admittedly, this court narrowed the scope of Mr. Brown's claim by concluding that his involuntary reassignment to the Corrections Division was not adverse employment action. (Doc. 49 at 9–10; Doc. 53 at 9–10). Mr. Brown relies on the standard for adverse employment action *in the retaliation context* to argue that this conclusion was in error. (Doc. 51 at 3–4) (citing *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006)). But Mr. Brown brought claims for racial discrimination, not retaliation. One of the cases he cites in his motion illustrates why that distinction is so important to the present matter: "We next conclude that the shift change *cannot* support a Title VII or § 1983 discrimination claim *but can* constitute an adverse employment action for purposes of Smith's retaliation claims . . . ." *Smith v. Greensboro*, 647 F. App'x 976, 981 (11th Cir. 2016) (emphasis added). The court declines to reconsider its prior ruling and reanalyze this case under the incorrect legal standard, as Mr. Brown requests.

Mr. Brown next argues this court erred in rejecting several of his proffered comparators as not being similarly situated in all material respects. But his motion does nothing more than

---

addressed that issue by *sua sponte* withdrawing and amending its prior Memorandum Opinion and Order. (Docs. 53 and 54). The court completed its own review in light of *Lewis* and concluded that the clarified standard did not impact the court's final determination in this matter.

rehash old arguments or present arguments that he could have and should have raised in his response to Defendant's motion. Mr. Brown has failed to convince this court that it committed clear error and that allowing him a second bite at the proverbial apple is the only way to prevent manifest injustice. *See Hammonds v. DeKalb County, Ala.*, No. 4:16-BE-1558-M, 2017 WL 1407461, at *1 (N.D. Ala. Apr. 20, 2017).

So this court DENIES Mr. Brown's motion for reconsideration.

**DONE** and **ORDERED** this 8th day of April, 2019.

_____
**KARON OWEN BOWDRE**
CHIEF UNITED STATES DISTRICT JUDGE